**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., | ) | |
| SMARTMATIC HOLDING B.V., AND | ) | No. 3:23-mc-00006-RSB-JCH |
| SGO CORPORATION LIMITED, | ) | |
| | ) | Underlying Litigation: |
| Plaintiffs, | ) | Civil Action No. 1:21-cv-02900-CJN |
| | ) | United States District Court |
| v. | ) | District of Columbia |
| | ) | |
| HERRING NETWORKS, INC., D/B/A | ) | |
| ONE AMERICA NEWS NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**SMARTMATIC PLAINTIFFS AND HUGH GALLAGHER'S RESPONSE IN
OPPOSITION TO OANN'S MOTION TO COMPEL
COMPLIANCE WITH RULE 45 SUBPOENA**

Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation Limited ("Smartmatic") and non-party Hugh Gallagher hereby submit this opposition to Defendant Herring Networks, Inc., d/b/a One America News Network's ("OANN") Motion to Compel Compliance with Rule 45 Subpoena (the "Motion to Compel"). For the reasons set forth below, OANN's Motion to Compel should be denied.

**I.    INTRODUCTION**

OANN does not have a compelling argument as to why Mr. Gallagher should be compelled to attend a prematurely scheduled deposition or why Mr. Gallagher should be held in contempt of court. The barebones nature of the Motion to Compel is telling. Absent is case law to support any of OANN's assertions and an explanation as to why Mr. Gallagher was not justified in declining to attend his deposition, while a motion to stay depositions remains pending.

OANN has abused deposition subpoenas in the underlying litigation and has attempted to rush into depositions before the resolution of critical discovery disputes. Because of the

1

gamesmanship OANN has employed, Smartmatic filed a motion to quash Mr. Gallagher's subpoena and stay all depositions until January 2024. While this motion was pending, Mr. Gallagher declined to attend his deposition in good faith. In addition, there are several discovery disputes that remain pending before the United States District Court for the District of Columbia (D.D.C.) − the court presiding over the underlying litigation. Sitting for a deposition before these critical disputes are resolved creates a strong risk that Mr. Gallagher will have to sit for a second deposition. This is unduly burdensome. The desire to avoid needlessly being deposed twice, along with the pending motion in the D.D.C. to stay all of the depositions in this matter, supports Mr. Gallagher's good faith basis for declining to attend his deposition. He cannot be held in contempt of Court.

OANN's Motion to Compel should be denied on three bases. First, OANN's Motion to Compel challenges the sound discretion that should be given to the D.D.C. which has before it several discovery disputes, as well as requests to quash deposition notices, stay depositions until January 2024, amend the scheduling order. Second, Mr. Gallagher should not be compelled to comply with OANN's unilateral subpoena because Smartmatic's pending motion for protective order before the D.D.C. expressly objected to its taking place. Moreover, allowing Mr. Gallagher's deposition to proceed before the D.D.C's resolution of several discovery disputes unnecessarily increases the risk of undue burden on Mr. Gallagher. Mr. Gallagher, a non-party, will likely be exposed to multiple depositions. And third, Mr. Gallagher cannot be held in contempt of court when he has not violated a court order, and his justification for not attending his deposition is sound.

## II.   BACKGROUND

Following the 2020 Presidential election, OANN engaged in a widespread disinformation campaign in which OANN alleged that Smartmatic, a voting machine company, rigged the 2020

election.[1] (Smartmatic Compl. at ¶ 86). As a result of this disinformation campaign, Smartmatic's reputation was irreversibly tarnished, and it became necessary for Smartmatic to bring its defamation claims against OANN. (Compl. at ¶ 432). Smartmatic filed its Complaint on Nov 3, 2021, in the United States District for the District of Columbia. (*Id.*) After the Court denied OANN's motion to dismiss on June 21, 2022, the parties entered discovery. Since discovery began, OANN has consistently slow-rolled its production and failed to remedy its various discovery deficiencies. (D.D.C. Dkt. 96, at 1).

There are currently sixteen pending discovery-related issues in front of the D.C. District Court that must be resolved before discovery can proceed. (*Id*. at 2-3). Nevertheless, on September 10, 2023, OANN requested deposition dates for Hugh Gallagher and other non-parties. (Exhibit 1-A to OANN's Mem. in Supp. of Mot. to Compel, at 2–3). Smartmatic responded that it would be willing to cooperate to schedule depositions but reminded OANN that in light of OANN's failures to comply with discovery obligations, their unilateral deadlines were inappropriate. (Ex. 1-A, at 1–2). OANN refused to meaningfully negotiate about deposition dates with Smartmatic. (*See* Ex. 1-A, at 1). Instead, on September 13, 2023, OANN unilaterally issued seven notices for the depositions of current and former Smartmatic employees. *Id.* One of those subpoenas was for Smartmatic's former employee, Hugh Gallagher, which set a deposition for October 6, 2023. (Ex. 1-A, at 20–22). Mr. Gallagher has had to divert his attention from his personal responsibilities to respond to subpoenas from OANN. (*See* Hugh Gallagher Declaration, attached hereto as Exhibit A, at 6–7).

On September 18, 2023, Smartmatic filed a Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order ("Motion for Protective Order"), which requests that

---

[1] Compl. and Demand for Jury Trial, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. Nov. 3, 2021), Dkt. No. 1.

the Court quash deposition subpoenas and stay the taking of depositions until January 2024. (D.D.C. Dkt. 96). As part of its relief, Smartmatic asked that the court quash Mr. Gallagher's deposition subpoena and stay all depositions, including Mr. Gallagher's. (D.D.C. Dkt. 96, at 8, 12). Smartmatic has since reiterated its position to OANN with respect to the need to stay depositions pending the resolution of OANN's discovery deficiencies. (Ex. 1-D to OANN's Mem. in Supp. of Mot. to Compel, at 1; Ex. 1-C, at 1). Despite Smartmatic's pending request before the D.D.C. to stay depositions, OANN filed its Motion to Compel Mr. Gallagher's deposition with this Court on October 6, 2023. Dkt. 1. In an attempt to stop OANN from its repeated gamesmanship by noticing depositions and filing motions to compel, Smartmatic filed a second motion in the D.D.C. on October 13, 2023, seeking a protective order to quash deposition subpoenas. (D.D.C. Dkt. 105).

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served on individuals who are not parties to the underlying lawsuit. *See United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002). When a responding nonparty receives a subpoena to which it objects, the nonparty has three options: (1) file a motion to quash pursuant to Rule 45(d)(3)(B); (2) seek a protective order under Rule 26(c); or (3) as Mr. Gallagher does here, oppose the serving party's motion to compel. *Id*. at 484. Rule 45(d)(1) also requires that the party issuing and serving the subpoena takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Federal courts have been sympathetic to plaintiffs who are subject to multiple depositions. *See Bethel v. U.S. ex rel Veterans Admin. Med. Ctr. of Denver, Colo*., No. 05-CV-01336-RPMLM-, 2008 WL 113905, at *4 (D. Colo. Jan. 9, 2008) (limiting the time and scope of a third deposition as a result of "the burden and expense incurred in efforts to prepare").

4

Finally, before finding a nonparty in civil contempt pursuant to Rule 45, courts generally first issue an order compelling compliance with the issued subpoena. *In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014). The nonparty must then fail to comply with the court's order before sanctions are awarded. *Id*. ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded.").

IV.   **ARGUMENT**

   A.   **The Court Should Deny OANN's Motion to Compel Because The Court Presiding Over The Underlying Litigation is Fully Familiar With The Issues Surrounding Mr. Gallagher's Deposition.**

Acknowledging the potential for inconsistent rulings, District Courts routinely prevent third-party subpoenas from proceeding where they run afoul of orders issued by the court presiding over the underlying litigation. *See, e.g*., *Emergency Response Specialists, Inc. v. CSA Ocean Sciences, Inc.*, 2016 WL 4487902, at 8 (N.D. Ala. Aug. 4, 2016) (recommending that a motion to quash a subpoena be granted where subpoena was issued after the discovery deadline in the underlying litigation). Federal courts even transfer disputes concerning third-party subpoenas to the court presiding over the underlying litigation because that court is better positioned to resolve discovery disputes and the interests of judicial economy are served. *See U.S. v. Star Scientific.*, 205 F. Supp. 2d 482, 488 (D. Md. 2002) (transferring to presiding court a motion to compel compliance with subpoena because "materials before the court necessarily represent but one piece of a much bigger puzzle" and "because the [presiding court] is better position[ed] to evaluate claims of . . . undue burden, and relevancy involved in this discovery dispute . . ."); *Smithkline Beecham Corp. v. Synthon Pharm. Ltd.,* 210 F.R.D. 163, 169 n. 7 (M.D.N.C. 2002) ("The third-party subpoena route has the added benefit of allowing the court in which the main litigation is pending to make

5

the ruling. This may be particularly appropriate when relevancy of the discovery is a significant issue.").

Like in *Star Scientific*, the District of Columbia is in a better position to decide issues related to Mr. Gallagher's subpoena because it is part of a larger issue that is already briefed in the D.D.C.—when depositions in this litigation should occur. Whether and when Mr. Gallagher should sit for a deposition is entirely dependent on the D.D.C.'s ruling on Smartmatic's Motion for Protective Order (seeking to quash Mr. Gallagher's subpoena) and motion to stay all depositions until January 2024. A ruling in this court could certainly run afoul of the D.D.C.'s ruling on the timing of depositions in this matter. *Emergency Response Specialists*, 2016 WL 4487902, at *8.

Smartmatic asserts in its Motion for Protective Order that the reason Mr. Gallagher cannot be deposed in the next few months is that there are too many critical discovery disputes in front of the court that have yet to be resolved. (D.D.C. Dkt. 96, at 15). The resolution of those disputes could have an impact on the scope of Mr. Gallagher's deposition, so it is prudent to wait on his deposition until after the disputes are resolved. (*Id*. at 14–15). Only the D.D.C. can determine whether Mr. Gallagher's deposition should be taken before the resolution of discovery disputes. *See Kearney v. Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 1997) (staying ruling pending presiding court's decision on motion for protective order because the presiding court is "in the best position to determine the appropriateness of . . . the opposing request for a protective order" and it will ensure "uniformity and judicial economy.").

Moreover, the issues surrounding Mr. Gallagher's subpoena are part of a broader issue of gamesmanship on the part of OANN. In its Motion for Protective Order, Smartmatic asserts that OANN is rushing into depositions before they are timely in order to disadvantage Smartmatic and avoid compliance with discovery requirements. (D.D.C. Dkt. 96, at 1). Any motion regarding Mr.

6

Gallagher's subpoena should be decided with that broader context considered. The D.D.C. is in a better position to do that. *See Frank Brunckhorst Co. v. Ihm*, 2012 WL 4963757, at *6 (E.D. Penn. Oct. 18, 2012) (the "judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with limited knowledge of the case.").

      **B.**     **Mr. Gallagher Should Not Be Compelled to Comply With OANN's Improper Subpoena Because It Was Properly Challenged And Would Impose An Undue Burden.**

As a preliminary matter, and contrary to OANN's contention, Smartmatic's Motion for Protective Order pending in the D.D.C. properly and expressly objected to Mr. Gallagher's deposition taking place prior to the resolution of the parties' discovery disputes.

OANN relies exclusively on Federal Rule 45(d)(3) for its proposition that "Smartmatic's motion for protection in the D.D.C. did not relieve Mr. Gallagher of his duty to appear . . ." Courts in the Fourth District, however, have found that Federal Rule 45 gives parties standing to challenge an opposing party's third-party subpoenas on the basis of undue burden. *See also Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. 2012) (acknowledging that parties have standing to challenge discovery requests that imposes undue burden); *see also In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *3 (E.D. Va. Mar. 17, 2016) (holding plaintiff has standing to seek protective over and quash subpoena pursuant to Federal Rules 26 and 45 because encompassed in the court's authority to protect a party from undue burden is the right to challenge third-party subpoenas issued by opposing parties). Accordingly, Smartmatic has standing to challenge OANN's subpoena and has properly raised that challenge in its pending Motion for Protective Order pending before the D.D.C.

In addition, OANN has provided no justifiable reason why Mr. Gallagher should be compelled to sit for a deposition on its expedited timeline when it creates an unnecessary risk of undue burden on Mr. Gallagher. As noted above, there are pending discovery disputes before the

7

D.D.C., the resolution of which will impact which documents OANN has available to it and the scope of topics discussed at his deposition. Indeed, there are currently sixteen issues before the D.D.C. and an additional five that were recently brought to the attention of the Court. Pending issues before the Court include:

| Motion | Relief Requested | Date Filed | Date Fully Briefed |
|---|---|---|---|
| May 5, 2023 Joint Submission | Eleven issues raised.[2] | Submitted to Clerk on May 5, 2023 | Awaiting leave from the Court to brief the issues. |
| Smartmatic's Motion for Extension of Time to Serve Document Requests | Extend deadline to serve document requests to July 31, 2023. (Requested due to our Second Set of RFPs) | May 31, 2023 | June 6, 2023 |
| OANN's Motion for Recusal of Magistrate Judge Upadhyaya | Recusal of Magistrate Judge Upadhyaya | OANN Sent Letter on June 5, 2023; SMT filed Positional Statement on June 30, 2023; OANN filed Motion on July 6, 2023, | July 21, 2023 |

---

[2] Smartmatic's Issues: 1) OANN's failure to produce document; 2) OANN's failure to disclose relevant witnesses; 3) OANN's failure to produce financial records; and 4) OANN's failure to agree to completion of document production. OANN's Issues: 1) the relevance of government investigations into Smartmatic; 2) the permissible scope of requests relating to criticisms and reputational issues of Smartmatic; 3) whether OANN can explore a broad theory of damages; 4) the relevance of related litigation 5) the relevance of all Smartmatic Entity's Board of Director's meeting minutes; 6) OANN's broad request for information on all of Smartmatic's vendors and manufacturers from 2004 onwards; and 7) OANN's misguided belief that Smartmatic is withholding documents produced by third party subpoenas. (Dkt. 101 at p. 4).

| Smartmatic's Motion for Protective Order | Issue a protective order to quash OANN's Second Set of RFPs | July 7, 2023 | July 28, 2023 |
| --- | --- | --- | --- |
| Second Draft Joint Submission | Five issues raised in the recent draft[3] | OANN requested a teleconference on August 25, 2023; Smartmatic requested a teleconference on October 2, 2023. | Awaiting leave from the Court to brief the issues. |
| OANN's Motion for Issuance of Letters of Request | Issue Letters of Request | September 13, 2023 | September 27, 2023 |
| Smartmatic's Motion for Protective Order, Stay Depositions and Amend Scheduling Order | Quash deposition notices; Stay depositions until January 2024; Extend fact discovery deadline to April 2024 | September 18, 2023 | October 4, 2023 |

The outstanding issues before the Court pertain to a variety of issues and hundreds of topics. For example, Smartmatic's Motion for Protective Order filed on July 7, 2023, seeks to quash the 1,500 RFPs issued by OANN. If Smartmatic's motion is not granted, Smartmatic may be required to produce an additional set of documents and the scope of depositions will certainly change. In addition, some of the outstanding issues are related to topics that would be asked about during Mr. Gallagher's deposition, such as contracts with jurisdictions, sales, and Smartmatic's business operations. If Mr. Gallagher is deposed in October and subsequently discovery disputes relevant to Mr. Gallagher's role at Smartmatic are resolved and additional documents are produced, OANN will certainly seek to depose Mr. Gallagher a second time. The risk of having

---

[3] OANN Issues: 1) Smartmatic custodians and search terms; and 2) Smartmatic's Response to Interrogatory No. 4. Smartmatic's Issues: 3) Smartmatic's Second Set of RFPs 4) OANN Production; and 5) Related Litigation. (Dkt. 101-1 at ¶ 5).

9

Mr. Gallagher deposed twice can be eliminated by conducting his deposition once discovery disputes are resolved.

Moreover, OANN has an affirmative duty not to create an undue burden or expense on a nonparty. Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). A second deposition on a nonparty creates an undue burden that is entirely avoidable. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 254 F.R.D. 227, 235 (E.D. Pa. 2008) (acknowledging that defendants were required to seek leave of court to second deposition of an already-deposed deponent because of undue burden and increased costs); *Ecomission Sols., LLC v. CTS Holdings, Inc.*, 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016) (granting the motion for protective order to delay a deposition until disputes were resolved "eliminate[s] the risk that [the nonparty] will be deposed twice."); *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. 2016) (granting protective order to delay deposition until a privilege issue was resolved, "effectively guards against the dual risks of subjecting Dr. Wang to the undue burden of a second deposition.").

It is particularly burdensome considering that Mr. Gallagher is currently seeking employment, which requires him to prepare for and attend several job interviews. He will need to take time away from his preparation and reduce his availability to attend interviews with potential employers to accommodate each deposition request. (H. Gallagher Decl. at 2, 7). He also has personal obligations, including a medical condition that requires regular medical attention, which are inevitably impacted by the time taken to prepare for and attend depositions. (*Id*. at [7]). This undue burden must be avoided.

Finally, OANN is in no way prejudiced if Mr. Gallagher's subpoena is quashed. Mr. Gallagher is not contesting or otherwise attempting to evade a deposition in the underlying litigation. The only disagreement between OANN and Mr. Gallagher is *when* the deposition will take place. To that end, OANN has not and cannot support its position that this Court must compel Mr. Gallagher's deposition "within 14 days of an order." OANN will be able to get the testimony it seeks on the timeline decided by the D.D.C. (D.D.C. Dkt. 105, at 12).

By allowing the D.D.C. to resolve the pending discovery disputes, the undue burden imposed by exposing Mr. Gallagher to multiple depositions can be avoided. The Court should therefore deny OANN's Motion to Compel.

### C. Mr. Gallagher Should Not be Held in Contempt Because OANN's Request IS Improper, And OANN Has Not Suffered Any Harm.

Mr. Gallagher is a non-party and has agreed to sit for a deposition, so to even suggest he should be held in contempt of court is absurd. Mr. Gallagher has and will engage with OANN in good faith to comply with his subpoena. OANN's request to hold Mr. Gallagher in contempt of court should be denied for three independent reasons. First, contempt sanctions cannot be issued without a violation of a court order requiring compliance. Second, a witness cannot be held in contempt if they have an adequate excuse for not complying with the subpoena. And third, OANN cannot demonstrate harm from Mr. Gallagher's alleged noncompliance with his subpoena.

First, to prevail on a request for a finding of civil contempt, the moving party must establish by clear and convincing evidence inter alia that the nonmovant's conduct knowingly violated a valid court order and that the moving party suffered harm from the violation. *See Consumer Fin. Prot. Bureau v. Klopp*, 957 F. 3d 454, 461 (4th Cir. 2020). Once the movant establishes this, the burden shifts to the non-movant to demonstrate good faith in making reasonable attempts to

comply with the court's order. OANN has not met its burden of showing that Mr. Gallagher knowingly violated a valid court order, nor could it.

There is no order from this Court or the D.D.C. that Mr. Gallagher violated when he did not attend his deposition. "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." Advisory Comm. Note to 2013 Amendment to Rule 45(g); *Gordy v. Granlund*, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) ("an order explaining the situation and ordering him to comply with the subpoena is a predicate to any order to show cause."). Thus, "many [c]ourts have noted . . . that [b]efore sanctions can be imposed under [the Rule], there must be a court order compelling discovery." *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015); *see also In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) (stating that for nonparty subpoenas, the court must first issue an order compelling the nonparty's compliance with the subpoena before any contempt sanctions can be awarded).

None of the cases cited by OANN about holding a witness in contempt support its assertions. For example, in *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, 2013 WL 12314518, at *2 (W.D. Va. Nov. 14, 2013), the Court denied the motion to show cause on contempt because the witness compiled with the Court's order compelling the production of documents. The court also acknowledged that "before sanctions can be imposed on a nonparty there must be a violation of a court order *in addition* to noncompliance with a subpoena." *Hanwha Azdel*, 2013 WL 12314518, at *2 (emphasis added).

Accordingly, and as OANN's cited case law suggests, Mr. Gallagher should not be found in contempt. OANN has not met its burden of demonstrating that Mr. Gallagher knowingly violated a court order to comply with the subpoena. Because there is currently no order from the

court to even violate, it is premature to request that the Court find Mr. Gallagher in contempt. On this basis alone, OANN's motion to hold Mr. Gallagher in contempt should be denied.

Second, even if OANN met its burden to show Mr. Gallagher knowingly violated a court order, Mr. Gallagher has an adequate excuse that justifies not attending his deposition. "What constitutes an 'adequate excuse' within the meaning of Rule 45(e) is not clear from the rule's language. Commentary which accompanies the rule states that the issue must always turn on the facts of the particular case." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001) (citations omitted). Here, Mr. Gallagher did not attend his deposition because Smartmatic filed a motion to quash Mr. Gallagher's subpoena and stay all depositions until January 2024. This is an adequate excuse.

A case cited by OANN agrees that "a timely objection to a subpoena duces tecum is itself an "adequate excuse," precluding a finding of contempt for failure to obey the subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). Mr. Gallagher's subpoena was issued on September 13, 2023 (Ex. 1-A, at 1), and Smartmatic filed its motion for protective order to quash and stay depositions on September 18, 2023 (D.D.C. Dkt. 96). The motion was certainly timely and provided Mr. Gallagher with an adequate excuse not to attend his deposition. Depositions do not have to continue while a motion for a protective order is pending. *See Trident Atlanta, LLC v. Charlie Graingers Franchising, LLC*, 2019 WL 316428, at *1 (E.D.N.C. July 15, 2019) (denying sanctions because "the Plaintiffs filed a motion for a protective order prior to the dates of the scheduled 30(b)(6) depositions, thereby excusing their failure to attend").

In addition, none of OANN's cases cited on this issue support its contentions. In *Bell Inc. v. GE Lighting*, LLC, 2014 WL 1630754, at *16 (W.D. Va. Apr. 23, 2014), the court declined to hold the witness in contempt because he took a "reasonable position" in refusing to comply with

13

the subpoena. And in *Bariteau*, the court also declined to hold the witness in contempt of court. 206 F.R.D. at 131. OANN does not cite a single case that supports a finding Mr. Gallagher in contempt.

Finally, even if this Court determines that compliance with OANN's subpoena is appropriate, the moving party must demonstrate that it suffered harm from the alleged violation. *Klopp*, 957 F. 3d 454, 461. OANN has failed to do so here. OANN has been on notice since *at least* August 23, 2023 that depositions in the underlying litigation would not proceed before certain discovery obligations were met. (D.D.C. Dkt. 105, at 6) OANN has also known since *at least* September 18, 2023, that Smartmatic's Motion for Protective Order included a request to stay Mr. Gallagher's deposition. (D.D.C. Dkt. 96, at 8); *see First Nat. Bank of Louisville v. Lustig*, 131 F.R.D. 479, 483 n. 9 (E.D. La. 1990) ("If a protective order, no matter where entered, terminates a deposition, that deposition may resume only upon order of the court in which the action is pending."). Nevertheless, OANN unilaterally proceeded with Mr. Gallagher's deposition. OANN's deposition arrangements were simply not made in good faith. OANN does not represent that it expended any money or resources for Mr. Gallagher's deposition. Therefore, OANN should not be awarded any fees related to Mr. Gallagher's deposition.

## V. CONCLUSION

For each of the reasons outlined above, the Court should deny OANN's Motion to Compel.

Date: October 20, 2023

                        /s/ Laura A. Seferian
                        Laura A. Seferian (VA Bar No. 92510)
                        BENESCH, FRIEDLANDER, COPLAN
                          & ARONOFF LLP
                        71 South Wacker Drive, Suite 1600
                        Chicago, IL 60606
                        Telephone: 312.212.4949
                        lseferian@beneschlaw.com

                        *Attorney for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| SMARTMATIC USA CORP., ) | |
| SMARTMATIC HOLDING B.V., AND ) | No. 3:23-mc-00006-RSB-JCH |
| SGO CORPORATION LIMITED, ) | |
| ) | Underlying Litigation: |
| Plaintiffs, ) | Civil Action No. 1:21-cv-02900-CJN |
| ) | United States District Court |
| v. ) | District of Columbia |
| ) | |
| HERRING NETWORKS, INC., D/B/A ) | |
| ONE AMERICA NEWS NETWORK, ) | |
| ) | |
| Defendant. ) | |

## HUGH GALLAGHER'S AFFIDAVIT IN SUPPORT OF OPPOSITION TO OANN'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA

I, Hugh Gallagher, declare under penalty of perjury:

1. I am over the age of 21 and am competent to make this affidavit.

2. My full name is Hugh J. Gallagher. I reside in Glen Allen, Virginia. I have personal knowledge of the facts stated in this declaration, and those facts are true and correct. I submit this affidavit in support of *Hugh Gallagher's Opposition to OANN's Motion to Compel Compliance with Rule 45 Subpoena.*

3. I was employed by Smartmatic from 2012 to 2019 as a Business Development & Sales Director and a Business Development Adviser for the US Market. While employed by Smartmatic, my responsibilities included handling sales strategy and operations, developing key client relationships and strategic partnerships, and bid and engagement management. My employment with Smartmatic terminated in 2019. I am no longer involved in the business operations for any Smartmatic entities.

4. I was laid off from my previous place of employment in June 2023 and have since been searching for new employment. I have scheduled several interviews with potential employers, which are expected to continue throughout the coming weeks. In order to secure employment to support myself and my family, it is critical that I can spend the necessary time to prepare for and attend these interviews. As part of the interview process, potential employers also consider when I am able to start a new position and whether I will need to request time off from work.

5. Moreover, I was recently diagnosed with a spinal condition that requires me to regularly seek medical attention. This includes medical appointments, conversations with my healthcare team, and the like. Delaying or otherwise being unable to attend my medical appointments may exacerbate or worsen my spinal condition.

6. On September 13, 2023, I was subpoenaed by defendants in *Smartmatic USA Corp.*, *et al. v. Herring Networks, Inc. d/b/a One America News Network*, Civil Action No. 1:21-cv-02900 for a deposition on October 6, 2023. Upon receiving this subpoena, I learned that the parties to the litigation were involved in discovery disputes that the United States District Court for the District of Columbia has not yet resolved.

7. Given the complexity of the underlying litigation, I anticipate needing to dedicate several hours to prepare by, among other things, reading and reviewing materials concerning this litigation, including documents and communications related to employment with Smartmatic. I will also need to travel to and from the deposition location and provide testimony.

8. In order to prepare for a deposition, I anticipate that I will need at least one to two full days. Being unavailable for as many days necessary to prepare for and attend a deposition will require me to make significant adjustments to my professional and personal life. For example, the preparation, travel, and attendance time needed for the deposition will interfere with my

availability to attend job interviews and medical appointments. It is vital for my financial and physical wellbeing that I can devote as much time as possible to my job search and tending to my spinal condition without any unnecessary adjustments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 20, 2023.

*Hugh Gallagher*

Hugh J. Gallagher