IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| SMARTMATIC USA CORPORATION, ) <br> SMARTMATIC HOLDING B.V. & ) <br> SGO CORPORATION LTD., ) <br>     Plaintiffs-Respondents, ) <br> ) <br> ) <br> v. ) <br> ) <br> HERRING NETWORKS, INC., ) <br> d/b/a ONE AMERICA NEWS ) <br> NETWORK, ) <br>     Defendant-Movant. ) | Case No. 3:23mc00006 <br><br> MEMORANDUM OPINION & ORDER <br><br><br> By:   Joel C. Hoppe <br>         United States Magistrate Judge |

This miscellaneous action is before the Court on Defendant-Movant's motion for an order to nonparty Hugh Gallagher, Fed. R. Civ. P. 37(a)(2), requiring Mr. Gallagher to comply with a Rule 45 deposition subpoena issued from the United States District Court for the District of Columbia. Def.'s Mot. to Compel 1 (citing Fed. R. Civ. P. 45). For the reasons explained below, the Court will transfer Defendant's subpoena-related motion, ECF No. 1, to the issuing court under Rule 45(f) of the Federal Rules of Civil Procedure.

I. Background

In November 2021, Smartmatic USA Corporation, Smartmatic International Holding B.V., and SGO Corporation Ltd. (together, "Smartmatic") sued Herring Networks, Inc., d/b/a One America News Network ("OANN"), in the U.S. District Court for the District of Columbia. *See* CM/ECF Civil Docket, *Smartmatic USA Corporation, et al. v. Herring Networks, Inc. d/b/a One America News Network*, No. 1:21cv2900 (D.D.C.). In September 2023, the clerk of that court issued a blank Rule 45 subpoena directing nonparty Hugh Gallagher to appear for an oral deposition by counsel for Defendant OANN at 10:00 a.m. on October 6, 2023, in Charlottesville, Virginia. Def.'s Mot. to Compel, Ex. 1-A, Subpoena to Testify at a Dep. in a Civ. Act. (Sept. 13,

1

2023) (D.D.C.), ECF No. 1-3, at 27. Charlottesville is in the Western District of Virginia. W.D. Va. Gen. R. 2(a)(2); *see* 28 U.S.C. § 127(b), (c).

Mr. Gallagher, a former Smartmatic employee, appears to be represented by counsel of record for Smartmatic in the underlying action. *See* Resp. in Opp'n 1, ECF No. 12; Supp'l Resp. in Opp'n 1, ECF No. 13. On September 18, Smartmatic filed a motion in that case asking the court "to issue a protective order quashing OANN's pending deposition notices," including the one for Mr. Gallagher, "and staying depositions until January 8, 2024." *See* Pls.' Mot. for Prot. Order, Stay Deps. & Am. Sched. Order, *Smartmatic*, No. 1:21cv2900 (D.D.C. Sept. 18, 2023), ECF No. 96, at 12, 14–16 (citing Fed. R. Civ. P. 26(c)); Def.'s Br. in Supp. Ex. 1-A, Notice of Oral Dep. of Hugh Gallagher (Sept. 13, 2023), ECF No. 1-3, at 21–22. Upon receiving OANN's subpoena, Mr. Gallagher "learned that the parties to the litigation were involved in discovery disputes that the United States District Court for the District of Columbia ha[d] not yet resolved." Resp. in Opp'n, Ex. A., Aff. of H. Gallagher ¶ 6 (Oct. 20, 2023), ECF No. 12, at 18.

Mr. Gallagher did not appear for his scheduled deposition on October 6. *See* Def.'s Mot. to Compel, Ex. 1, Decl. of John Edwards, Esq. ¶ 9 (Oct. 6, 2023), ECF No. 1-2, at 3. That afternoon, OANN initiated this miscellaneous action by filing a motion for an order to a nonparty under Rule 37 and Rule 45 of the Federal Rules of Civil Procedure. *See* Def.'s Br. in Supp. 3–4 (citing Fed. R. Civ. P. 37(a), 45(g)), ECF No. 1-1. OANN asks this Court to order Mr. Gallagher to sit for an oral deposition in the Western District of Virginia within the next fourteen days, and to hold him in contempt for failing to appear at his properly noticed deposition last month. Def.'s Br. in Supp. 3–4; *see* Fed. R. Civ. P. 37(a)(2), 45(g). Mr. Gallagher and Smartmatic oppose both requests on the merits. *See* Resp. in Opp'n 4–14; Supp'l Resp. in Opp'n 1–3. They ask this Court to deny OANN's motion "and allow the D.D.C. to make any further determinations concerning

Mr. Gallagher's subpoena and the timing of the depositions in the underlying action." Supp'l Resp. in Opp'n 3.

On October 21, U.S. Magistrate Judge Moxila Upadhyaya, who is overseeing discovery in the underlying action, entered an order temporarily staying fourteen deposition notices that OANN had issued earlier in the month. Min. Order, *Smartmatic*, No. 1:21cv2900 (D.D.C. Oct. 21, 2023); *see* Pls.' Emer. Mot. to Quash Dep. Notices, *Smartmatic*, No. 1:21cv2900, ECF No. 105 (D.D.C. Oct. 12, 2023). This order did not cover OANN's subpoena to Mr. Gallagher. *See* Supp'l Resp. in Opp'n 2–3; Def.'s Reply 2, ECF No. 15. On Friday, November 3, however, Smartmatic filed another emergency motion in D.D.C. asking Judge Upadhyaya "to issue a protective order staying all depositions noticed by [OANN] . . . until January 8, 2024," including Mr. Gallagher's deposition. *See* Pls.' Emer. Mot. to Stay Deps. 4 (footnote omitted), *Smartmatic*, No. 1:21cv2900, ECF No. 113 (D.D.C. Nov. 3, 2023). Judge Upadhyaya ordered OANN to file its response, if any, by November 7, and Smartmatic to file a reply, if any, by November 9, 2023. *See* Min. Order, *Smartmatic*, No. 1:21cv2900 (D.D.C. Nov. 3, 2023).

## II. The Legal Framework

As a general rule, a party to civil litigation in federal court may require both parties and nonparties to answer questions by oral deposition as part of the ordinary civil discovery process. *Gilmore v. Jones*, 339 F.R.D. 111, 119–20 (W.D. Va. July 1, 2021); *see* Fed. R. Civ. P. 30(a), 37(a)(3), 45(a); Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). This includes a party's motion to compel a nonparty to comply with a Rule 45 deposition subpoena issued by the court

where the underlying action is pending. *E.g.*, *Natural Immunogenics Corp. v. Newport Trial Grp.*, 1:18mc3, 2018 WL 1884988, at *3–4 (W.D.N.C. Apr. 19, 2018); *see* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the [100-mile geographical] limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."). Where, as here, the compliance court "did not issue the subpoena," then that court may either resolve the motion itself, or "it may transfer the motion . . . to the issuing court if the person subject to the subpoena consents or if the [compliance] court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The court may transfer a subpoena-related motion under Rule 45(f) sua sponte if it finds exceptional circumstances. *See Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.C.C. 2018).

The compliance court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas" issued by courts far from where they live or work. *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. It should not "assume[] that the issuing court is in a superior position to resolve subpoena-related motions" simply because that court is handling the underlying litigation. *See id.* "In some circumstances, however, transfer may be warranted in order to avoid disrupting" the issuing court's ability to manage its own proceedings, such "as when that court has already ruled on the issues presented by the motion," *id.*, or when other circumstances demonstrate the issuing court is better equipped to ensure the proceeding's just, economical, and efficient resolution, *see* Fed. R. Civ. P. 1. *See generally Natural Immunogenics Corp.*, 2018 WL 1884988, at *4 (discussing relevant factors). "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena

4

in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment.

## III. Discussion

*A.     Summary*

Mr. Gallagher, through Smartmatic's counsel of record, has expressed a preference for letting Judge Upadhyaya "make any further determinations" about OANN's subpoena directing him to be deposed in this judicial district, as well as "the timing of depositions in the underlying action." Supp'l Resp. in Opp'n 3. They note that similar considerations led compliance courts to transfer such subpoena-related disputes to the issuing court, albeit before Rule 45(f) was enacted in December 2013. *See* Resp. in Opp'n 5–6 (discussing *United States v. Star Sci.*, 205 F. Supp. 2d 483, 488 (D. Md. 2002)).[1] On the other hand, they also ask this Court to rule on the merits of OANN's motion to compel, as long as this Court denies that motion. Resp. in Opp'n 1–2, 7–14; Supp'l Resp. in Opp'n 1–3.

---

[1] Before December 2013, Rule 45 required deposition subpoenas to issue "from the court for the district where the deposition [was] to be taken." Fed. R. Civ. P. 45(a)(2)(B) (2012). The issuing court "ha[d] exclusive jurisdiction" to modify, quash, or enforce the subpoena, and any subpoena-related motion made under Rule 45 had to be filed in the issuing court, "rather than the court where the underlying action [was] pending." *First Time Videos, LLC v. Doe*, No. 2:11cv690, 2012 WL 1134736, at *1 (E.D. Va. Apr. 4, 2012) (citing Fed. R. Civ. P. 45(c)(3) (2011)). Rule 45 did not contain a mechanism for the compliance court to transfer a subpoena-related motion to the court where the underlying action was pending. *See generally Star Sci.*, 205 F. Supp. 2d at 484–88.
  "After the 2013 amendments, [all] subpoenas must be issued from the court where the action is pending." *Ellis v. Arrowood Indem. Co.*, No. 2:14mc146, 2014 WL 4365273, at *2 (S.D. W. Va. Sept. 2, 2014); *see* Fed. R. Civ. P. 45(a)(2) (2023). Any subpoena-related motion made under Rule 45, however, must still be filed in the "court for the district where compliance is required," Fed. R. Civ. P. 45(d)–(e), because that court has primary responsibility for modifying, quashing, or enforcing subpoenas directed to persons within its jurisdiction under Rule 45(c), which sets certain geographic limits on the Rule 45 subpoena power against a nonparty. *See Ellis*, 2014 WL 4365273, at *2; Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. Rule 45(f) now allows the compliance court to transfer a subpoena-related motion to the issuing court—i.e., the court where the underlying action is pending—if the person subject to that subpoena consents or if "exceptional circumstances" are present. *See United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 45(f)). "[T]he court where the action is pending will decide the motion" only after it has been transferred under Rule 45(f). Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment.

OANN, as the party seeking to compel Mr. Gallagher to appear for a deposition in Charlottesville, must file any such motion in the Western District of Virginia, Fed. R. Civ. 37(a)(2). *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment; *cf. Consumer Fin. Prot. Bureau v. Nexus Servs.*, No. 5:21cv16 2022 WL 1597840, at *3 n.4 (W.D. Va. May 19, 2022) (noting that a motion seeking to quash or modify a subpoena may be made either in the court where compliance is required, Fed. R. Civ. P. 45(d)(3), or in the court where the action is pending, Fed. R. Civ. P. 26(c)). OANN could not properly ask the issuing court to grant such relief unless and until this Court transferred OANN's motion to that court under Rule 45(f). *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment ("After transfer, the court where the action is pending will decide the motion."); *cf. In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, 2018 WL 454440, at *1–2 (S.D. Cal. Jan. 17, 2018) (rejecting a party's argument that the court where the civil action was pending "should ignore the [Rule's] plain language" and decide a misfiled Rule 45(d) motion on the merits "because the court of compliance likely would transfer the matter to th[at] Court under Rule 45(f)"). Thus, contrary to Mr. Gallagher's and Smartmatic's suggestion, an order from this Court denying OANN's motion to compel on the merits would not automatically "allow the D.D.C. to make any future determinations concerning Mr. Gallagher's subpoena and the timing of [local non-party] depositions in the underlying action," Supp'l Br. in Opp'n 3. *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. It may simply require OANN to come back here for a second time. Fed. R. Civ. P. 37(a)(2).

OANN notes, correctly, that Rule 45 gives the compliance court primary responsibility over subpoenas issued to local nonparties, and that this Court should not assume it is ill-equipped to resolve a motion to compel simply because it is not handling the underlying litigation. *See*

Def.'s Reply 3–4. OANN argues that its pending motion "implicate[s]" only a few "discrete issues"—namely whether Mr. Gallagher should be required to attend a deposition in Charlottesville within the next fourteen days and whether he should be held in contempt for failing to appear at his October 6 deposition here—which "this Court is more than capable of resolving" today. *See id.*; Def.'s Br. in Supp. 4; Def.'s Reply 3–4, 7–8. This argument makes sense as far as it goes. The problem, however, is that OANN is not merely asking this Court to reset Mr. Gallagher's local deposition and to award OANN its attorney's fees under Rule 45(g)—it is asking this Court to grant both requests *before* Judge Upadhyaya has resolved Smartmatic's first motion for protective order challenging OANN's subpoena to Mr. Gallagher. *See generally* Def.'s Br. in Supp. 2–4; Def.'s Reply 1–2, 4–8.

B.    Analysis

This Court finds that exceptional circumstances warrant transferring OANN's subpoena-related motion to compel, ECF No. 1, to the U.S. District Court for the District of Columbia. Fed. R. Civ. P. 45(f). First, Mr. Gallagher lives in Glen Allen, Virginia, Gallagher Aff. ¶ 2, which is actually within the Eastern District of Virginia, *see* 28 U.S.C. § 127(a), (c); E.D. Va. Civ. R. 3(B)(4) (Henrico County). Glen Allen is about 65 miles east of Charlottesville, which lies within the Western District of Virginia, W.D. Va. Gen. R. 2(a)(2); *see* 28 U.S.C. § 127(b), (c). Thus, even assuming that Mr. Gallagher actually has some "interest[] . . . in obtaining local resolution of the motion" in this judicial district specifically, those interests are outweighed by other factors that favor transferring OANN's motion to D.D.C. *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment. Moreover, that court can take steps to minimize any practical burden(s) on Mr. Gallagher should his presence be required at a hearing on OANN's motion. *See id.*

Second, the parties' briefs in this Court describe multifaceted and seemingly complex disputes over both the timing and scope of two dozen proposed depositions, as well as the course and conduct of discovery more generally, in the underlying action. *See generally* Resp. in Opp'n 1–4, 6–10; Def.'s Reply 2–6. The parties agree that OANN's deposition subpoena to Mr. Gallagher plays some role in those disputes, but their briefs set out dramatically different versions of how discovery has proceeded thus far. Judge Upadhyaya likely is much more familiar with the factual background that may be necessary for the court to fully understand how OANN's "discrete motion" directed to Mr. Gallaher, Def.'s Reply 3, fits into these broader disputes. *See Natural Immunogenics Corp.*, 2018 WL 1884988, at *4. Thus, Judge Upadhyaya is in a better position to ensure the just, economical, and efficient resolution of these disputes and the underlying action in D.D.C. *See* Fed. R. Civ. P. 1.

Finally, the parties strongly disagree whether Smartmatic's Rule 26(c) motion for a protective order filed in D.D.C. on September 18, 2023, gave Mr. Gallagher an "adequate excuse," Fed. R. Civ. P. 45(g), for failing to appear at his deposition in this judicial district on October 6. *See generally* Def.'s Br. in Supp. 1–4; Resp. in Opp'n 1–4, 7–13; Def.'s Reply 4–8. On the one hand, OANN says that Smartmatic filed this motion on its *own* behalf—Mr. Gallagher never sought *this* Court's protection under Rule 45(d)(3)—and that Smartmatic lacks standing to challenge OANN's subpoena on grounds that it imposes an undue burden either on itself or on Mr. Gallagher. *See* Def.'s Br. in Supp. 2, 4; Def.'s Reply 1, 4–8. For its part, Smartmatic argues that it does have standing to challenge OANN's subpoena and that its motion for protective order filed in D.D.C. "properly and expressly objected to Mr. Gallagher's deposition taking place" before Judge Upadhyaya resolves the parties' various discovery disputes. Resp. in Opp'n 7; *see id.* at 3–4, 7–9, 11.

Smartmatic's first Rule 26(c) motion is fully briefed and has been presented to Judge Upadhyaya as part of a wide-ranging dispute on both the scope and timing of pretrial discovery. Judge Upadhyaya is in the best position to determine the availability, scope, and collateral effects of Smartmatic's specific requests for relief in that motion. *Cf. JTH Tax, Inc. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) ("When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders."). Further, on Friday evening Judge Upadhyaya ordered expedited briefing on Smartmatic's emergency motion for protective order asking her to stay all OANN's depositions noticed to date, including Mr. Gallagher's deposition subpoena at issue here. Briefing should be complete by Thursday, November 9. In these circumstances, transferring OANN's motion to the D.C. District Court is "warranted in order to avoid disrupting [Judge Upadhyaya's] management of the underlying litigation" and to give her the first opportunity to rule on "the same issues that are likely to arise in discovery in many districts" until the parties' disputes over the timing and scope of all depositions are resolved. Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to compel nonparty Hugh Gallagher's compliance with a Rule 45 deposition subpoena issued from the United States District Court for the District of Columbia, ECF No. 1, is hereby **TRANSFERRED** to the issuing court for all further proceedings. Fed. R. Civ. P. 45(f).

The Clerk shall deliver a copy of this Memorandum Opinion & Order to the parties, to counsel for Mr. Gallagher, and to the Clerk of Court for the United States District Court for the

District of Columbia for docketing in: *Smartmatic USA Corporation, et al. v. Herring Networks, Inc. d/b/a One America News Network*, No. 1:21cv2900-CJN (D.D.C. filed Nov. 3, 2021).

It is so ORDERED.

ENTER: November 7, 2023

Joel C. Hoppe
United States Magistrate Judge